Stanley D. BESKIN, Plaintiff—
Appellant,

v.

CCH CORPORATION, a corporation;
et. al., Defendants—Appellees.

No. 03–56823.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2005.*

Decided May 13, 2005.

John K. Saur, Esq., John K. Saur Law Offices, Laguna Hills, CA, for Plaintiff-Appellant.

James M. Gecker, Esq., Katten Muchin Zavis Rosenman, Chicago, IL, for Defendants–Appellees.

Appeal from the United States District Court for the Central District of California, Gary L. Taylor, District Judge, Presiding. D.C. No. CV–02–00190–GLT.

Before: THOMAS and BERZON, Circuit Judges, and MAHAN,** District Judge.

MEMORANDUM ***

Stanley D. Beskin appeals the district court's summary judgment in Beskin's ERISA action, in favor of CCH Corporation and Wolters Kluwer U.S. Corporation. The district court determined that CCH's ERISA plan administrator could reasonably have concluded that Beskin resigned before he became disabled and that Beskin therefore did not establish that he was disabled during the period covered by the Plan. We review the district court's grant of summary judgment de novo, *Taghadomi v. United States*, 401 F.3d 1080, 1082 (9th Cir.2005), and we affirm.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The plain language of the plan states that long-term disability benefits will be denied when a claimant fails to provide conclusive medical evidence of total disability. During his employment with CCH, Beskin never submitted any medical evidence to CCH or to the administrator of the CCH plan that he was disabled. None of the physicians whom Beskin saw during his employment with CCH declared him totally disabled, nor did any physician Beskin saw later declare that he was disabled during the period when he was covered by the plan. Further, there is no other evidence compelling the conclusion that Beskin was unable to perform the material duties of his job. On the contrary, there is evidence that Beskin outperformed most other sales representatives in his division during the first seven months of 1993, when he claims his condition arose.

The only evidence submitted to the plan administrator that Beskin was disabled during his employment was Beskin's own affidavit that he left work due to his disability. The plan administrator did not abuse his discretion in giving Beskin's affidavit less weight, in light of the absence of pertinent medical evidence and the evidence that he was outperforming most other sales representatives in his division during the time period he claimed his disabilities arose. Therefore, the district court did not abuse its discretion in upholding the plan administrator's denial of benefits.

AFFIRMED.